UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

Plaintiff,

DECISION AND ORDER

10-CR-6116L

v.

WARREN LOVE,
TINA HOLLEY,

Defendants.

_____

This Court referred all pretrial motions to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  Defendant Warren Love ("Love") and a co-defendant Tina Holley ("Holley") were charged in an indictment with various narcotics and firearms offenses.

Defendant Warren Love filed a motion to suppress evidence seized pursuant to a search warrant from an apartment located at 399 Lake Avenue, Rochester, New York, on April 6, 2010. Love also moved to suppress certain statements that he made to law enforcement officers and he also seeks dismissal of the first count of the indictment charging conspiracy to distribute and possess cocaine base as being duplicitous.

Magistrate Judge Payson, after reviewing the papers, including the search warrant at issue, and after conducting hearings, issued a thorough Report and Recommendation (Dkt. #58) recommending that defendant Love's motions be denied.  Because the Government stated that it would not introduce testimony in its direct case of any of defendant Tina Holley's post-arrest statements, the Magistrate Judge recommended that this Court deny Holley's motion to suppress as moot.  *See D*kt. # 58, n. 3.

Love filed objections to the Magistrate Judge's Report and Recommendation (Dkt. #59). The objections focus on the search warrant claiming that the application for the warrant lacked probable cause and the warrant did not describe the place to be searched with particularity. Love also seeks to suppress statements obtained thereafter as illegal fruits of the impermissible search. Love does not otherwise challenge the Magistrate Judge's Report and Recommendation, specifically the Magistrate Judge's recommendation that Love's motion to dismiss the indictment should be denied. Holley filed no objections to the Report and Recommendation.

After reviewing the Magistrate Judge's Report and Recommendation and Love's objections, I find no reason to reverse, modify or alter Magistrate Judge Payson's recommendation, and, therefore, I deny defendant Love's motion to suppress evidence and statements.

The Magistrate Judge set forth in detail and with precision the facts established at a suppression hearing concerning the applications for the several search warrants for premises at 399 Lake Avenue. Love, in his objections, does not appear to dispute the factual recitation set forth in the Magistrate Judge's Report and Recommendation. A transcript of the March 7, 2011 suppression hearing has been prepared and was available to me during my review of these matters. At that suppression hearing, Irondequoit Police Officer Jessica Franco, Rochester Police Officer Martin Logan and Special Agent Alice Clark of the Alcohol, Tobacco, and Firearms Agency testified.

The Magistrate Judge carefully discussed the facts and the law and concluded that Franco's affidavit, considered in its entirety, established probable cause to believe that drug records or proceeds would be found in the downstairs apartment at 399 Lake Avenue. Magistrate Judge Payson recited the evidence from confidential informants which established that a cocaine sale had occurred in the identified apartment. Although there may have been a technical error as to the letter on the apartment door, Magistrate Judge Payson concluded that the officers were focusing on the identified apartment contained in both the application for the warrant and the warrant itself. I agree that there was probable cause, and I find no evidence to suggest that the applicants for the warrant misled the judicial officer who signed it.

- 2 -

I also agree with Magistrate Judge Payson that under the principles established in *United States v. Leon,* 468 U.S. 897 (1984), the officers were entitled to rely on the warrant in good faith and for that reason also, items seized pursuant to the warrant should not be suppressed.

Furthermore, I agree with Magistrate Judge Payson that there is no basis to suppress statements as the so-called fruit of the poisonous tree.

Therefore, I deny and overrule defendant Love's objections to the Magistrate Judge's Report and Recommendation.

CONCLUSION

Defendant Warren Love's motion to dismiss the indictment (Dkt. #29) is denied.  Defendant Love's motion to suppress physical evidence seized from premises at 399 Lake Avenue and his motion to suppress statements made to law enforcement (Dkt. #29) are all denied.

Defendant Tina Holley's motion to suppress statements is denied as moot.

IT IS SO ORDERED.

_____
          DAVID G. LARIMER
          United States District Judge

Dated: Rochester, New York
          September 29, 2011.