UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                      <u>DECISION AND ORDER</u>

                                                           10-CR-6116L

            v.

WARREN LOVE,

                        Defendant.
_____

      Defendant Warren Love is charged in a seven-count superseding indictment with several drug trafficking and firearm-related offenses. Defendant now moves for dismissal of this case (Dkt. #106) on the grounds that the Government has violated the Speedy Trial Act, 18 U.S.C. §3161 et seq. ("STA"). For the reasons that follow, that motion is denied.

**DISCUSSION**

      The STA requires that a criminal defendant be tried within 70 days of his first appearance, after the subtraction of any excludable period of delay. Generally, any delay caused by the filing of a pretrial motion, including the period between the filing of the motion and the time a report and recommendation or a decision is rendered, is excluded, as are delays resulting from the transportation of a defendant from another district beyond ten days. 18 U.S.C. §3161(h)(1)(D) (excluding "delay resulting from any pretrial motion"), (h)(1)(H) (excluding delays up to 30 days during which a matter is under advisement by the court).

      The grounds for defendant's motion are two-fold: defendant argues that the periods of delay occasioned by the Governments' two motions to set a trial date should not be excluded, and that part

of the delay resulting from the defendant's transport from Wisconsin, where he was arrested, and this district, where he was arraigned, should also not be excluded. The parties agree, however, that if one or both of these periods is found to be excludable, then the STA has not been violated and that defendant's present motion to dismiss should be denied.

**I.      The Government's Motions to Set a Trial Date**

On September 30, 2011 and July 23, 2012, the Government filed two separate motions to set a date for trial in this matter. The Government argues that these motions are pretrial motions which tolled the speedy trial clock pursuant to 18 U.S.C. §3161(h)(1)(D). Defendant, however, contends that a motion to set a trial date is merely a ministerial "notice" to the Court which is not a true pretrial motion and does not toll the speedy trial clock.

While it is well settled that a pretrial motion automatically tolls the speedy trial clock under 18 U.S.C. §3161(h)(1)(D), neither the Supreme Court nor the Second Circuit has ruled definitively upon the question of whether a motion to set a trial date is "any pretrial motion" for purposes of calculations under the STA. *See* 18 U.S.C. §3161(h)(1)(D) (excluding "delay resulting from *any pretrial motion*, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion") (emphasis added); *Henderson v. United States*, 476 U.S. 321, 332 (1986) (observing that the "plain terms of the [STA] appear to exclude all time between the filing of and the hearing on a motion whether that motion was prompt or not," but declining to decide whether a motion to set a trial date is excludable).

However, I observe that the weight of the authority on the issue from other federal courts has consistently held that the STA's exclusion for pretrial motions is to be broadly construed, and that a motion to set a trial date manifestly falls within the scope of "any pretrial motion" for purposes of 18 U.S.C. §3161(h)(1)(D).

In *United States v. Green*, the Fifth Circuit Court of Appeals examined all of the relevant authorities, and observed that "[c]onsistent with the weight and reasoning of the persuasive authority

from our sister circuits, and the Supreme Court's decision in *Henderson* . . . any pretrial motion, including a motion to set a trial date, tolls the speedy trial clock automatically, and the Government is not required to prove that the motion actually delayed trial." *Green*, 508 F.3d 195, 200 (5th Cir. 2007), *citing Henderson*, 476 U.S. 321. Virtually all other courts confronting the issue have reached the same conclusion. *See United States v. Richardson*, 421 F.3d 17, 28-29 (1st Cir. 2005) ("pretrial motion" is construed "broadly," and even an "implied motion" in the form of a simple request to set a new trial date tolls the speedy trial clock); *United States v. Barnes*, 159 F.3d 4, 11 (1st Cir. 1998) (because the statutory exclusion does not distinguish between simple and complex "pretrial motions," a motion for a pretrial conference tolls the speedy trial clock); *United States v. Cote*, 51 F.3d 178, 182 n.4 (9th Cir. 1995) (a motion by the Government to set a trial date and the delay caused thereby fall within the STA's exclusion for pretrial motions). *See generally United States v. Cobb*, 697 F.2d 38, 42 (2d Cir. 1982) (declining to stratify pretrial motions into different classifications, and holding that a motion to suppress is a "pretrial motion" which tolls the speedy trial clock); *United States v. Shellef*, 756 F. Supp. 2d 280, 298-300 (E.D.N.Y. 2011) (Government's letter asking the Court to set a trial date, and to resolve other pretrial matters, is a "substantive motion" which triggers an "automatic exclusion" from the speedy trial clock). *See generally United States v. Tinklenberg*, 131 S. Ct. 2007, 2014-2016 (2011) (citing *Green* and *Cobb*, and rejecting the proposition that entitlement to exclusion of pretrial motions under the STA is non-automatic or requires a showing that the motion was not made for a dilatory purpose). *But see United States v. Brown*, 285 F.3d 959, 962 (11th Cir. 2002) (holding that a request to set a trial date, in a document which functionally served as a status update required by a local rule, is not a "pretrial motion" for purposes of the STA).

Upon review of the STA and consistent with the bulk of relevant case law, I concur that the Government's motions to set a trial date in this case are properly considered "pretrial motions" for purposes of the STA. As such, I conclude that there has been no violation of the STA here. I also reject defendant's suggestion that the Government's motions to set a trial date were not motions in

the traditional sense, but mere ministerial "notice[s] to the Court that the case is ready for trial labeled as a motion." (Dkt. #108 at 1). To the contrary, the motions request that the Court order the matter to be scheduled for trial, and represent that the matter is trial ready. (Dkt. #61, #104). Defendant opposed the second motion to set a trial date at a hearing on that motion (Dkt. #105), and via the present motion to dismiss (Dkt. #106), thus presenting the Court with a dispute as to whether the matter is, in fact, ready for trial, and whether the Government's motion to set a trial date should be granted. As such, the Government's motions to set a trial date cannot be said to be mere "notices" requiring no action by the Court, but rather are pretrial motions within the meaning of the STA, which tolled the speedy trial clock.

II.  **Transportation of the Defendant from Wisconsin to this District**

Defendant also contends that the speedy trial clock should be deemed to have begun running as of his arrest in Wisconsin, and that 12 of the 22 days during which defendant was being transported from there to this district should be considered unexcluded time.

The Court disagrees. It is well settled that pursuant to 18 U.S.C. §3161(c)(1), "trial shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *Id*. *See e.g., United States v. Garcia*, 995 F.2d 556, 559 (5th Cir. 1993) (where indictment precedes arrest, first appearance before a judicial officer triggers the 70-day trial clock, and the time between the defendant's arrest and arraignment is not counted). As such, the defendant's speedy trial clock did not begin to run until the later of those two events – to wit, defendant's initial appearance in this district on October 20, 2010, for his arraignment on the charges contained in the first indictment. The case law relied upon by defendant, which concerns exclusion calculations relative to the 30-day time limitation between a defendant's arrest and subsequent indictment in another district, is inapposite. *See United States v. Hernandez*, 863 F.2d 239 (2d Cir. 1988).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the superseding indictment (Dkt. #106) is denied. The Government's motion to set a trial date (Dkt. #104) is granted, and consistent with the Court's indications at the September 6, 2012 hearing in this matter (Dkt. #115), trial in this matter is hereby set for October 15, 2012 at 9:00am.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      September 28, 2012.